UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD VINSON,<br><br>   Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>   Defendants. | Case No. 13-cv-00699-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>ECF No. 64 |

Before the Court is Defendant California Department of Corrections and Rehabilitation's ("CDCR") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 64. After reviewing the motion, responses, and relevant documents, the Court will GRANT IN PART and DENY IN PART Defendant's Motion to Dismiss.

**I. BACKGROUND**

 **A. Factual Allegations and Procedural History[1]**

The CDCR employed Plaintiff as a correctional officer until his retirement in January 2011. ECF No. 4 at 14.[2] At that time, a temporary restraining order ("TRO") against Plaintiff prevented him from carrying a firearm, which also prevented him from continuing his work as a correctional officer. Id. at 14-15, 19, 40. Plaintiff alleges that two CDCR employees obtained the

---

[1] The factual allegations of this case are more fully addressed in the Court's previous Order Granting Defendant's Motion for Judgment on the Pleadings. See ECF No. 60.

[2] For ease of location, the Court uses the docket number for Plaintiff's original complaint. That document is also attached to the FAC, however, and so Plaintiff's original allegations are incorporated by reference into the FAC.

1  TRO by giving false testimony to the court in the TRO proceeding. ECF No. 62 at 9. Plaintiff
2  also alleges that he was denied promotions during his employment and was denied reinstatement
3  to his position as a correctional officer because of his age and his race. Id. at 4-8.
4        Plaintiff filed an original complaint against the CDCR on February 19, 2013, for violations
5  of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in
6  Employment Act ("ADEA").[3] ECF No. 1 at 4. Defendant CDCR moved for judgment on the
7  pleadings. ECF No. 41. This Court granted Defendant's motion and dismissed Plaintiff's claims.
8  ECF No. 60. Plaintiff was also granted leave to amend specific deficiencies within the complaint
9  as set forth by the Court's order. Id.
10       On October 2, 2014, Plaintiff filed his FAC. ECF No. 62. On October 16, 2014,
11 Defendant filed this motion to dismiss Plaintiff's FAC. ECF No. 64.

**B.  Requests for Judicial Notice**

Under Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Particular categories of documents that are generally subject to judicial notice under this standard are matters in the public record, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), including case law, statutes, and official reports issued by public agencies. Matters the Court judicially notices must not only satisfy Rule 201, but must also be relevant to the matter at issue. See Fed. R. Evid. 401.

**1.  Plaintiff's Requests**

While Plaintiff did not formally request judicial notice, Plaintiff attached two "Exhibits" to his opposition to Defendant's motion to dismiss, and the Court will construe Plaintiff's attachment of these documents as a request for judicial notice. ECF No. 68; see Civ. L.R. 7-3. Defendant does not object to the Court taking notice of either exhibit. The Court will take notice of the first exhibit—a December 2010 letter to Plaintiff scheduling an interview—because the Court already

---

[3] Though Plaintiff also mentioned the Fourteenth Amendment, he has not identified a standalone cause of action premised on the Fourteenth Amendment. Instead, his reference to the Fourteenth Amendment appears to be encapsulated within his ADEA and Title VII claims.

2

1   accepted and reviewed that document as part of Plaintiff's original complaint.  See ECF No. 4 at
2   42.  The second exhibit is the case Sheppard v. David Evans & Assoc., 694 F.3d 1045 (9th Cir.
3   2012).  ECF No. 68.  The Court will take judicial notice of Sheppard as a matter of public record
4   that is capable of ready and accurate determination, and is not subject to reasonable dispute.

### 2. Defendant's Requests

Defendant CDCR also asks the Court to take judicial notice of several documents.  ECF No. 65.  These are: (1) a certificate of no records from the California Department of Fair Employment and Housing ("DFEH"), for Harold Vinson, id. & Ex. A; (2) a certificate of no records from the Equal Employment Opportunity Commission ("EEOC"), for Harold Vinson, id. & Ex. B; (3) CDCR's copies of official records it received from the EEOC related to Plaintiff's charge, id. & Ex. C; (4) a certificate of no records issued by the California State Personnel Board, id. & Ex. D; and (5) court records from the TRO proceeding, id.  These documents are all matters of public record, and thus are properly the subject of judicial notice.  See Lee, 250 F.3d at 689.

The Court hereby GRANTS CDCR's requests for judicial notice.

### C. Jurisdiction

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, because Plaintiff's ADEA and Title VII claims arise under federal law.

## II. LEGAL STANDARD

A court must grant a motion to dismiss under Rule 12(b)(6) if a complaint fails to provide "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Facial plausibility exists when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The Court must accept as true both the material facts alleged in the complaint and all reasonable inferences to be drawn from those facts.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  But "threadbare recitals of a cause of action's elements" and "mere conclusory statements" are insufficient to provide the requisite factual basis for a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Either the lack of a cognizable legal theory or the absence of sufficient facts to support a legal theory can provide a basis for dismissal.  Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir.1990).

A court must construe the pleadings of *pro se* plaintiffs liberally, but it may not provide essential factual elements that have not been alleged. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992). Indeed, a court should grant such leave to amend unless amendment would be futile. Lopez v. Smith, 203 F.3d 1122, 1128 (9th Cir. 2000).

### III.   ANALYSIS

#### A.   ADEA Claim

This Court previously dismissed Plaintiff's ADEA claim because (1) state sovereign immunity under the Eleventh Amendment barred Plaintiff's ADEA claim as pleaded, and (2) Plaintiff failed to allege facts demonstrating that CDCR discriminated against him in violation of the ADEA. ECF No. 60 at 5-6. Defendant again moves to dismiss Plaintiff's ADEA claims, arguing that Plaintiff's FAC fails to adequately address either deficiency. Id.; ECF No. 64 at 4-5.

In the FAC, Plaintiff cites to section 621 of the ADEA to conclude that Congress intended for the ADEA to abrogate Eleventh Amendment immunity. ECF No. 62 at 5. But, as stated in this Court's Order Granting Defendant's Motion for Judgment on the Pleadings, ECF No. 60 at 6, the U.S. Supreme Court has held that "in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000). Similarly, in his opposition, Plaintiff argues that Eleventh Amendment immunity should not apply where a state agency intentionally discriminates because of the age of an applicant for employment. ECF No. 68 at 2. Plaintiff fails, however, to cite any authority to support his conclusion, and well-established precedent is to the contrary. See Kimel, 528 U.S. at 79 ("Under our firmly established precedent . . . private petitioners . . . cannot maintain [ADEA-based] suits against their state employers."). Plaintiff also has not established that any other exception to Eleventh Amendment immunity applies. See, e.g., Ex parte Young, 209 U.S. 123 (1908) (permitting a private plaintiff to sue a state actor, not the state itself, for prospective relief); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (explaining that a state may consent to

4

suit despite its immunity) (citations omitted). As was the case with his original complaint, Plaintiff's ADEA claim is legally inadequate. The Court will dismiss Plaintiff's claim.

This time, the Court will deny leave to amend. In general, a district court's discretion to deny leave to amend and to dismiss a complaint with prejudice is "particularly broad" where a plaintiff has previously amended his or her complaint. Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotation omitted). And an amended complaint that alleges the same legal theories the Court previously dismissed, without additional facts or theories, "is a strong indication that the plaintiff has no additional facts to plead." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotations omitted). Here, Plaintiff has alleged no new facts or viable legal theories that would show an exception to CDCR's Eleventh Amendment immunity applies to his claim. Accordingly, Plaintiff's ADEA claim is DISMISSED WITH PREJUDICE.

### B.    Title VII Claim

This Court previously dismissed Plaintiff's Title VII claim because Plaintiff failed to allege his substantial compliance with the administrative exhaustion requirement. ECF No. 60 at 8. Defendant again moves to dismiss Plaintiff's Title VII claim, arguing that Plaintiff has failed to provide any additional information to sufficiently allege his substantial compliance with the administrative exhaustion requirement. ECF No. 64 at 5.

In his FAC, Plaintiff provides new information regarding his argument that he administratively exhausted his remedies before the EEOC. ECF Nos. 62 at 2, 62-1 at 2-4. Plaintiff cites to at least fourteen documents included in his original complaint that this Court already considered, but he also states, as he did not do in his original complaint, that he submitted these documents to the EEOC in conjunction with his discrimination charge. Id. Plaintiff alleges that, somehow, despite the clear indication on some of those forms that Plaintiff was making a racial discrimination charge, the EEOC only issued a right-to-sue letter with the "age discrimination" box checked, indicating that Plaintiff only raised an age discrimination complaint before that agency. Id. The Court finds that, if proven true, this plausibly could satisfy the exhaustion requirement before the EEOC. See Sommatino v. United States, 255 F.3d 704, 709 n.2

1  (9th Cir. 2001) (admonishing that charges before the EEOC should be construed "with the utmost
2  liberality" for the purposes of determining whether a Title VII plaintiff has exhausted his or her
3  remedies) (citations omitted); Cooper v. Bell, 628 F.2d 1208, 1211 (9th Cir. 1980) (holding that,
4  to substantially comply with the exhaustion requirement, a charge to the EEOC "must at least
5  describe the facts and legal theory with sufficient clarity to notify the agency that employment
6  discrimination is claimed.") (citation omitted).

7  Defendants argue that no evidence shows that Plaintiff actually submitted these documents
8  to the EEOC, and that other documents, including the EEOC right-to-sue letter, contradict
9  Plaintiff's statement. ECF No. 73 at 3-4. But, at the motion-to-dismiss stage, the Court takes the
10 allegations in the complaint as true, and considers whether, given those allegations, Plaintiff has
11 made out a plausible claim for relief. See Navarro, 250 F.3d at 732. While it is true, as Defendant
12 argues, that a court need not accept as true allegations that other evidence contradicts, see
13 Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citations omitted), the
14 Court finds that the right-to-sue letter and the letter from the State Personnel Board advising
15 Plaintiff to file a complaint with the CDCR EEO Coordinator do not necessarily contradict
16 Plaintiff's statement that he submitted both age and race discrimination charges to the EEOC.
17 After all, there is no question that Plaintiff eventually submitted a charge to the EEOC. To do so,
18 he was required to submit a complaint to his EEO Coordinator, so the State Personnel Board letter
19 may have been sent before Plaintiff submitted his charge. It may also be true that though Plaintiff
20 submitted charges of both age and race discrimination to the EEOC, the EEOC made a mistake.
21 Construing Plaintiff's complaint liberally, the Court finds that Plaintiff has adequately alleged
22 exhaustion; at this stage of the proceedings, he does not have to conclusively prove that he
23 exhausted his remedies.

24 Defendant also argues that Plaintiff's race discrimination claim is time-barred, as the
25 discrimination Plaintiff challenges occurred in 2009, but Plaintiff "failed to file a charge with the
26 EEOC within 180 days of this alleged discrimination." ECF No. 64 at 5. In his opposition to the
27 motion to dismiss, Plaintiff clarifies that he is relying on a continuing violation theory—i.e., that
28 CDCR began discriminating against him in 2009 and continued until his retirement in 2011. ECF

No. 68 at 2-3 (citing Lewis v. City of Chi., 560 U.S. 205 (2010)). Thus, he alleges, his complaint was timely.

Plaintiff is correct that under the continuing violations doctrine, acts that were committed before the limitations period are actionable if the defendant's alleged discrimination continued into the limitations period. Lewis, supra, 560 U.S. at 214-15. That doctrine only applies, however, when there is at least one act of discrimination within the limitations period. Id. Here, Plaintiff's only allegation regarding continuing discrimination after CDCR's original failure to promote him is that he was eligible for promotion "up [until] 2011." ECF No. 68 at 2. But the FAC and its attachments show that the only possible avenue of promotion during the limitations period was an interview for a Correctional Sergeant position scheduled to occur in January 2011. Id. at Ex. 1. A few days after that interview was scheduled to take place, Plaintiff resigned his position with CDCR. ECF No. 4 at 14. Plaintiff thereby became ineligible for promotion within CDCR. Cal. Gov't Code § 18950 ("Vacancies in positions shall be filled insofar as consistent with the best interests of the state from among employees holding positions in appropriate classes[.]"); Cal. Code Regs. tit. 2, § 240 ("An employee who resigns from State service shall relinquish any promotional list eligibility. If the employee's name appears on any promotional eligible list, it shall be thereafter withheld from certification."). Thus, Plaintiff was not eligible for promotion and CDCR could not have denied him a promotion for a discriminatory reason. And although Plaintiff alleges that he was constructively forced to resign based on the acts of other CDCR employees, those alleged acts are not alleged to have been motivated by discriminatory animus.

For the same reasons the Court concluded that further leave to amend was not appropriate with respect to Plaintiff's ADEA claim, the Court concludes that further leave to amend is not appropriate with respect to his Title VII claim. The Court will DISMISS Plaintiff's Title VII claim WITH PREJUDICE.

### C. Newly Alleged Claims in Plaintiff's FAC

Defendant argues that Plaintiff alleges several new causes of action in the FAC. Plaintiff was granted leave to amend his complaint only to address the deficiencies specifically identified in the Court's previous Order. ECF No. 60 at 11. This Court explicitly ordered that "Plaintiff may

7

not bring new causes of action without first obtaining leave of court." Id. Plaintiff did not request leave of court and thus may not allege new causes of action.[4]

Plaintiff responds that he is not alleging any new causes of action, but merely "elaborating" on his existing causes of action. ECF No. 68 at 3. The Court is not persuaded. Plaintiff's new allegations clearly constitute new causes of action, as they invoke new and different statutes that Plaintiff did not cite in his original complaint. See, e.g., ECF No. 62-1 at 1 (alleging a cause of action for perjury under Cal. Penal Code §§ 118-31).

Defendant also identifies several deficiencies among Plaintiff's new claims. For example, Plaintiff's newly alleged Title VI claim is time-barred by a two-year statute of limitations. Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) ("claims brought under . . . [Title VI] are governed by the same [two-year] state limitations period applicable to claims brought under § 1983"). Also, Plaintiff makes vague and conclusory allegations that Defendant violated 42 U.S.C. §§ 1983-1986, ECF No. 62 at 12, but as a matter of law, there is no valid claim for relief available under § 1984. See Civil Rights Cases, 109 U.S. 3 (1883) (holding sections one and two unconstitutional). And as discussed more fully in Section III.A., supra, Eleventh Amendment immunity bars the remaining claims against the state under §§ 1983, 1985, and 1986. Mitchell v. L.A. Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1988).

The Court need not address the deficiencies or Defendant's other arguments in detail, however, because the new claims are not properly part of an amended pleading. Plaintiff's new causes of action will be DISMISSED WITH PREJUDICE.

/ / /

/ / /

/ / /

/ / /

---

[4] The Minute Order memorializing the parties' September 17, 2014 Case Management Conference reflects that the Court ordered the parties to meet and confer regarding Plaintiff's addition of an Age Discrimination Act of 1975 claim to his amended complaint. ECF No. 61. The result of the meet-and-confer process is not clear. The Court assumes for the purposes of this order that the parties did not agree that Plaintiff could add an ADA claim to his amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss in its entirety. The First Amended Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: December 16, 2014



_____
JON S. TIGAR
United States District Judge